IN THE UNITED STATES DISCTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



JST NGN CORPORATION,
2828 Little Falls Place
Falls Church, VA 22042

      Plaintiff,

v.

Case No. *1:10 cv 863 LO/TRJ*

ETHIOPIAN TELECOMMUNICATIONS
CORPORATION
SERVE:
Mr. Tesfaye Yilma (Charge d'affaires a.i)
Embassy of Ethiopia
3506 International Drive, N.W.
Washington, D.C. 20008

## COMPLAINT

NOW COMES the Plaintiff, by and through the undersigned counsel, and issues this Civil Complaint against the defendant, and for its Complaint, states as follows:

### JURISDICTION and VENUE

1. Plaintiff JST NGN, Inc. (hereinafter "JST") is a Virginia Corporation with its principal place of business within the county of Fairfax, Virginia.

2. Defendant Ethiopian Telecommunications Corporation (hereinafter "ETC") is a public corporation wholly owned by the Government of Ethiopia, which government maintains an Embassy within the city of Washington, D.C.

3. This suit arises out of contract dispute between the Plaintiff and the Defendant in which the Plaintiff alleges damages in excess of $75,000.00.

1

4. The alleged contract between the parties was entered into in the Commonwealth of Virginia and performed primarily in Ethiopia.

5. This Court may exercise jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1332(a)(4) because of the diversity of citizenship between the parties.

6. Venue is appropriate in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS COMMON TO ALL COUNTS

7. On or about 28 January 2009, ETC made an offer to JST to provide consulting services to ETC in Ethiopia relating to implementing the corrections to the Network Optimization, and to establish a nationwide centralized database, as well as capacity building/knowledge transfer of ETC technical staff to achieve internal and repeatable quality control procedures

8. On or about 28 January 2009, JST presented a written proposal to ETC to provide the said consulting services.

9. Prior to accepting the offer from ETC, JST had an existing course of business dealings with ETC and had performed work for ETC in the past pursuant to other contracts.

10. Upon ETC's assurance that the proposal had been accepted, and further upon ETC's insistence that the work commence immediately, JST hired experts and local consultants, which it deployed to Ethiopia.

11. The Government of Ethiopia facilitated the contract by preparing and issuing the necessary visas, work permits and other documents on behalf of ETC.

2

12. ETC provided JST and its workers with badges, SIMS cards, testing equipment, office space and access to ETC data.

13. JST performed its part of the contract for approximately two and one half months before being informed by ETC that ETC would not honor the contract.

14. At the time that JST was informed that ETC would not honor the contract, it had performed services valued at approximately $607,324.00.

15. JST incurred expenses in the amount of 257,723 Ethiopian Birr that it was to be reimbursed for.

16. Upon information and belief, ETC accepted and used the work performed by JST.

17. JST has made repeated attempts to collect payment from ETC and the Ethiopian government to no avail.

18. ETC officials have, at various times, admitted that the work has been performed and promised to pay JST, but no payment has been made.

19. All other facts relating to the individual counts are set forth below, *infra*.

### COUNT 1:  Breach of Contract

20. Plaintiff re-alleges each of the facts set forth in Paragraphs 1 through 19 above as if each were set forth herein in its entirety.

21. JST and ETC entered into a legally binding contract when ETC accepted JST's proposal to perform consulting services.

22. ETC's verbal acceptance of JST's written proposal was based upon a course of business dealing upon which JST was entitled to rely.

23. JST and ETC set the terms of the contract in writing.

24. JST fully performed its obligations under the contract.

25. ETC had a contractual obligation to pay JST for JST's services performed in connection with the contract.

26. ETC breached the contract refused to honor the contract by refusing to pay JST for its work.

27. As a direct and proximate cause of ETC's breach of the contract, JST was damaged in the amount of $607,324.00, plus 257,723 Ethiopian Birr for unreimbursed expenses.

WHEREFORE the Plaintiff prays that this Court award it a judgment in the amount of $607,324.00, plus 257,723 Ethiopian Birr, together with costs and interest thereon at a rate of 6% from the date of June 9, 2010 until paid.

COUNT 2: Quantum Meruit

28. Plaintiff re-alleges each of the facts set forth in Paragraphs 1 through 16 above as if each were set forth herein in its entirety.

29. JST performed consulting services for ETC from March 24, 2009 to June 9, 2009.

30. ETC encouraged JST to perform the services by inviting JST to submit a written proposal, and then ETC accepting the same verbally.

31. While performing said consulting services, JST developed voluminous written materials, provided training, created a centralize database, completed negotiations with a product vendor, and performed presentations for ETC.

32. Sometime in June 2009, ETC notified JST that ETC did not intend to pay JST, but also continued to request that JST perform services.

33. JST last performed work on June 9, 2009.

34. ETC accepted and used the work of JST.

35. ETC is liable to JST for payment under the contract between ETC and JST.

36. In the alternative, ETC is liable to JST for the fair market value of the services rendered.

37. The fair market value of the services rendered by JST was agreed to by the parties, and is equal to $607,324.00, plus the 257,723 Ethiopian Birr JST incurred in unreimbursed expenses.

WHEREFORE the Plaintiff prays that this Court award it a judgment in the amount of $607,324.00, plus 257,723 Ethiopian Birr, together with costs and interest thereon at a rate of 6% from the date of June 9, 2010 until paid.

## COUNT 3. FALSE PRETENCES

38. Plaintiff re-alleges each of the facts set forth in Paragraphs 1 through 16 above as if each were set forth herein in its entirety.

39. ETC induced JST to perform consulting services based upon the parties' prior course of business dealings.

40. ETC induced JST to perform consulting services by inviting JST to present a written proposal to provide consulting services that ETC verbally accepted.

41. ETC further indicated its acceptance of the proposal by providing JST with badges, SIMS cards, testing equipment, office space and access to ETC data, vehicles with drivers and fuel, as well as instructing the Ethiopian Immigration and Labor Departments to issue the appropriate visas and work permits.

42. ETC never had any intention of paying JST for its consulting services.

43. ETC accepted and used the services provided by JST.

44. ETC obtained JST's services under false pretenses.

45. As a direct and proximate cause of ETC's false pretenses, JST was damaged in the amount of $$607,324.00, plus 257,723 Ethiopian Birr in unreimbursed expenses.

46. JST is entitled to punitive damages.

47. JST is entitled to its reasonable attorneys' fees associated with bringing this action.

WHEREFORE the Plaintiff prays that this Court award it a judgment against the Defendant in the amount of $$607,324.00, plus 257,723 Ethiopian Birr, plus punitive damages in the amount of $2,000,000.00, together with its costs and reasonable attorneys' fees and interest thereon at a rate of 6% from June 9, 2009 until paid.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all counts of this suit.

## VERIFICATION

I, Sara Tesfaye, President of the Plaintiff herein, have read and reviewed the foregoing Complaint and each and every factual allegation contained therein and do hereby verify that, to the best of my knowledge and recollection, each such factual allegation is true and accurate.

*[signature]*
Sara Tesfaye,
President, JST NGN, Inc.
Plaintiff

Commonwealth of Virginia  :
County of Fairfax          :

Subscribed and sworn before me this 2nd day of July, 2010 by the person known or proven to me to be Sara Tesfaye, President of the Plaintiff corporation in the above-styled case.

*[signature]*
Notary                                     My Commission Expires: 2/28/12

SEAL:

```
AUDREY A. MEDINA
Notary Public
Commonwealth of Virginia
351199
My Commission Expires Feb 28 2012
```

Respectfully submitted,
JST NGN, Inc.
By Counsel:

*[signature]*
LEISER, LEISER & HENNESSY, PLLC
By: James P. Magner, Esq. VASB # 45599
Counsel for Plaintiff
8229 Boone Boulevard, Suite 310
Vienna, Virginia 22182
TEL: (703) 734-5000
FAX: (703) 734-6000

7